UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
SARA J. DEMARCO and :
WILLIAM DEMARCO, : CASE NO. 1:11-CV-2665
:
Plaintiffs, :
:
v. : OPINION & ORDER
: [Resolving Doc. No. 2]
REDWOOD MANAGEMENT CO., *et al*, :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, Plaintiffs Sara and William Demarco ("the Demarcos") move for a temporary restraining order to prevent Defendants Redwood Management Company, and related companies and employees, from evicting them from their home. [Doc. 2.] The Defendants oppose the motion. [Doc. 7.] For the reasons stated below, the Court DENIES the Demarcos' motion for a temporary restraining order.[1/]

Sara and William Demarco (along with their minor daughter) currently reside at the Plum Creek Apartments, operated by Defendant Redwood Management Company ("Redwood). In July 2011, Redwood hired Sara Demarco as a property manager. As part of her compensation, Demarco and her family received rent-free housing at the Plum Creek Apartments. On

---

[1/] The Demarcos also moved for a preliminary injunction which is not resolved by this order. *See* [Doc. 9.]

-1-

Case No. 1:11-CV-2665
Gwin, J.

September 9, 2011, Redwood terminated Ms. Demarco's employment. Demarco claims that she was fired for complaining about repeated sexually harassment committed by her supervisor, Defendant Steve Hoffman. [Doc. 1.] The Defendants, on the other hand, insist that Demarco lied to get the job (falsely holding herself out as licensed to practice law in Indiana), improperly used her corporate credit card for personal purchases, and generally failed to meet job expectations. [Doc. 7.]

In any event, upon termination Redwood provided Demarco with a severance package of two-months pay and free rent until October 31, 2011, at which point Demarco would pay $500 per month in rent to continue living at the Plum Creek Apartments. Demarco alleges that she was ordered to sign a "full and final release" and accept the severance package. According to Demarco, another supervisor, Defendant Jeff Ondo, implicitly threatened her by placing his pistol on the desk during the signing of those documents. [Doc. 1.]

On November 5, 2011, after Demarco failed to pay her rent, Redwood served the Demarcos with a three day eviction notice. The family did not vacate the property, and on November 15, 2011, Redwood filed a forcible entry and detainer action. [Doc. 7.] On December 8, 2011, the Demarcos filed suit alleging sexual harassment and retaliation in violation of state and federal law, federal housing discrimination, civil assault, negligence, and breach of contract. [Doc. 1.] An eviction hearing is scheduled for December 16, 2011, in the Medina Municipal Court, and with this motion, the Demarcos seek to preserve the status quo.

Under Federal Rule of Civil Procedure 65, this Court may issue a temporary restraining order upon consideration of four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3)

Case No. 1:11-CV-2665
Gwin, J.

whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction." *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). Though the four factors are not "prerequisites" to relief, "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Id.* at 736, 739.

      First, at this early stage, and given the wildly disparate facts presented by the two sides, the Court cannot find that the Demarcos have a shown a "strong" likelihood of success on the merits. Other than bare assertions of their version of the facts, there is no evidence to support their claims, and no indication of the strength of any legal arguments. Similarly, the Demarcos do not present an injury that is irreparable: monetary damages will remedy rental payments and moving costs should the Demarcos prevail. *See* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, §2951 (2d ed.) (injury is not irreparable unless "damages and other legal remedies are inadequate to compensate plaintiff"). Although the Court is sensitive that a mid-December eviction in Northern Ohio may cause the Demarco family a hardship, that unfortunate fact does not make eviction an irreparable harm. Finally, as to the latter two factors, neither has much weight. Like most defendants, Redwood would be slightly harmed (that is, it would be unable to collect rent on an apartment). And there is little or no public interest at stake.

      Therefore, upon consideration the Court finds that the Demarcos have not made a showing sufficient to justify granting their motion for a temporary restraining order. For the reasons

Case No. 1:11-CV-2665
Gwin, J.

stated above, the Court **DENIES** Plaintiff's motion for a temporary restraining order.

    IT IS SO ORDERED.


Dated: December 14, 2011           *s/     James S. Gwin*
                                                             JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE